The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillip Holmes. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The date of the alleged injury is August 16, 1993.
3. At all times pertinent hereto, there was an employee-employer relationship between the plaintiff-employee and the defendant-employer.
4. Plaintiff has not worked for the defendant-employer since August 25, 1993.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On August 16, 1993, plaintiff was employed with defendant as a truck driver. His duties included delivering and picking up freight. Plaintiff was not required to load or unload his truck.
2. Plaintiff was injured on August 16, 1993. Plaintiff, stepping out of the truck he was to drive that day, slipped on one of the steps exiting the cab of his truck, grabbed a railing to stop his fall and twisted to his left. At that time, he felt a popping in his lower back.
3. At the time of plaintiff's injury, it was raining and there was grease on the truck's railing. Plaintiff finished checking the lights on his vehicle and then notified the dispatcher that he hurt his back when he twisted it while getting out of his truck. Plaintiff's wife had driven him to work that morning and was a witness to plaintiff's incident.
4. Plaintiff continued to experience pain in his lower back but continued working with defendant-employer through August 25, 1993. The following day, plaintiff sought treatment with Dr. Litaker, a chiropractor. Plaintiff reported that he stepped out of his truck wrong and experienced immediate pain in his lower back and right leg. Plaintiff failed to notify his employer that he was seeking medical treatment and never requested authorization for chiropractic care. The plaintiff has made no effort to return to work with defendant-employer since August 25, 1993.
5. On September 22, 1993, plaintiff gave a recorded statement to adjuster Linda Curtis. Plaintiff reported that he stepped out of his truck and his back just popped. He stated on two separate occasions that he did not slip, trip, fall or do anything unusual in getting out of his truck.
6. On November 10, 1993, plaintiff began treatment with Dr. Mark Hartman of the Miller Orthopaedic Clinic. Plaintiff gave a history of slipping while getting out of his truck. After a CT scan was inconclusive, plaintiff underwent an MRI on December 14, 1993, which revealed a far lateral disc with possible nerve root abnormality. Dr. Hartman performed an L5 right foraminotomy on January 26, 1994.
7. On May 11, 1994, plaintiff was released by Dr. Hartman to return to work part-time, with light duty restrictions. However, plaintiff experienced too much pain to return to work at that time.
8. On July 12, 1994, plaintiff was examined by Dr. Paul Tsahakis of the Miller Orthopaedic Clinic. Post-operative x-rays revealed degenerative changes and the doctor recommended a functional capacity evaluation pending a return to full duty work. This FCE revealed abilities most closely resembling the light category. On August 16, 1994, Dr. Tsahakis released plaintiff at maximum medical improvement with a ten percent permanent partial disability rating to plaintiff's back. Plaintiff did not contact defendant-employer or make any effort to find alternative employment following this release.
9. On September 18, 1995, plaintiff was videotaped moving boxes for his wife's company. This company performs hosiery folding for hosiery mills. Private investigator Kenneth Kennedy viewed plaintiff moving large boxes over the course of four hours, during which time plaintiff moved fluidly and without hesitation. Mr. Kennedy also testified that plaintiff's movements in the courtroom on the date of hearing were much more limited than those he demonstrated on September 18, 1995.
10. On December 29, 1995, plaintiff returned to Dr. Hartman with complaints of left leg discomfort. This was a new problem which arose since plaintiff was released at maximum medical improvement on August 16, 1994. Dr. Hartman did not release plaintiff from work.
11. On January 4, 1996, plaintiff was examined by Dr. David DuPuy for purposes of an independent medical examination. Plaintiff gave a history of his injury whereby he fell against the side of his truck, injuring his hip and back. After viewing the videotape of plaintiff working on September 18, 1995, Dr. DuPuy questioned plaintiff about his activities. Plaintiff reported that he had been unable to do anything and had not experienced any good days when he could do any work. Dr. DuPuy determined that plaintiff was capable of returning to work on August 16, 1994. Dr. DuPuy also rated plaintiff with a ten percent permanent partial disability of his back.
12. On March 12, 1996, plaintiff underwent a left L-5 decompression with L5-S1 fusion and iliac crest bone graft. The left leg discomfort which presented in December 1995 and for which plaintiff's second surgery was performed, arose some time in the year and a half after plaintiff was released at maximum medical improvement in August of 1994. Dr. Hartman was unable to relate this condition and resulting surgery to the original injury of August 16, 1993. There is insufficient evidence of record from which to prove by its greater weight that plaintiff's treatment beginning December 29, 1995 and including the second surgery of March 12, 1996, was causally related to the original alleged injury of August 16, 1993.
13. No Form 22 Wage Chart was submitted by the parties to the Industrial Commission for review. However, plaintiff has stated that he made $9.00 an hour and sometimes worked as many as 60-65 hours per week. In addition, plaintiff testified at hearing that the defendant-employer paid him between $450.00 to $500.00 per week for his services as a truck driver. This testimony has been uncontradicted. The undersigned finds that plaintiff's average weekly wage was $475.00.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On August 16, 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment. G.S. § 97-2(6).
2. Plaintiff's medical treatment, including his chiropractic treatment, and his first above-described surgery was reasonably required to effect a cure, give relief, and did tend to lessen plaintiff's period of disability. However, there is insufficient evidence of record from which to prove by its greater weight that plaintiff's treatment beginning December 29, 1995 was causally related to the original injury of August 16, 1993. Defendants are not required to pay for this second treatment and surgery. G.S. § 97-2(19); G.S. § 97-25.
3. Plaintiff is entitled to be paid temporary total disability compensation at the rate of $316.68 per week beginning August 25, 1993 and continuing until August 16, 1994, when plaintiff reached maximum medical improvement and was released to return to work. G.S. § 97-29.
4. Plaintiff sustained a ten percent permanent partial disability of his back and is entitled to $316.68 per week for a total of 30 weeks. G.S. § 97-31.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff, on account of his injury by accident of August 16, 1993, temporary total disability compensation at the rate of $316.68 per week beginning August 25, 1993 and continuing through August 16, 1994. Amounts of temporary total disability compensation which have accrued shall be paid to plaintiff in a lump sum, subject to an attorney fee provided below.
2. Defendant shall pay plaintiff $316.68 per week for 30 weeks in a lump sum for plaintiff's ten percent permanent partial disability of his back, subject to an attorney fee provided below.
3. Defendant shall pay all medical expenses incurred, or to be incurred, as a result of plaintiff's injury by accident of August 16, 1993 for so long as such examinations, evaluations, and treatment may reasonably be required to effect a cure, give relief and tend to lessen plaintiff's disability. However, defendant are not required to pay for any treatment of plaintiff's left leg beginning on December 29, 1995 which lead to plaintiff's second surgery as described above.
4. A reasonable attorney fee in the amount of twenty-five percent of the compensation benefits due plaintiff under Paragraphs 1 and 2 of this AWARD is approved. Of this amount paid to plaintiff in a lump sum, defendant shall deduct twenty-five percent and forward that amount directly to plaintiff's counsel.
5. Defendant shall pay the costs, including an expert witness fee in the amount of $235.00 to Dr. David N. DuPuy and an expert witness fee in the amount of $250.00 to Dr. Mark B. Hartman.
 S/ ____________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ____________ DIANNE C. SELLERS COMMISSIONER
S/ ____________ THOMAS J. BOLCH COMMISSIONER
CMV/cnp/rst
3/6/97